**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KIMBERLY PODVIN,**

   **Plaintiff,**                                             **CASE NO.:8:19-cv-00996-EAK-CPT**

**v.**

**HCA HEALTH SERVICES OF FLORIDA, INC,**
**d/b/a OAK HILL HOSPITAL and**
**MEDICREDIT, INC.**

   **Defendants.**
_____/

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, Kimberly Podvin ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against HCA Health Services of Florida, Inc., d/b/a Oak Hill Hospital ("Oak Hill") and Medicredit, Inc. ("Medicredit") (collectively "Defendants"), and states as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action pursuant 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

2.     Plaintiff seeks damages, costs and attorney's fees from Defendants, for the above violations.

1

**JURISDICTION AND VENUE**

3.      Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings claims under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

**PARTIES**

5.      Plaintiff, Kimberly Podvin, is natural person residing in Hernando County, Florida, where the causes of action arose, is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8), and a "person" under 47 U.S.C. § 227 *et seq.*

6.      Defendant, HCA Health Services of Florida, Inc., d/b/a Oak Hill Hospital, including its collection agents and assigns, is a Florida profit corporation, is headquartered in Tennessee, does business in the State of Florida, is a "creditor," as that term is defined by Fla. Stat. § 559.55(5), and is a "person" under 47 U.S.C. § 227 *et seq*.

7.      Defendant, Medicredit, Inc., is a foreign profit corporation, is headquartered in Missouri, does business in the State of Florida, is a "debt collector," as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7), and is a "person" under 47 U.S.C. § 227 *et seq*.

8.      Defendants, in the conduct of their businesses, use one or more instrumentalities of interstate commerce or the mails, including without limitation to, electronic communication with Plaintiff.

9. The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they knew in advance that the Defendants were likely to conduct themselves, and allowed them to so act, with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

10. The Defendants' communications, set forth below, were made to exhaust the Plaintiff's will in an attempt to have the Plaintiff pay a debt after all necessary information was conveyed and after all attempts and persuasion and negotiation had failed, as demonstrated by Plaintiff either expressly or impliedly communicating to Defendants to stop calling Plaintiff.

## FACTUAL ALLEGATIONS

11. Plaintiff was alleged to owe Defendants a debt (the "Alleged Debt")

12. The Alleged Debt stems from transactions primarily for personal, family, or household purposes, and is therefore a "debt," as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6). Specifically, the Alleged Debt is related to medical treatment.

13. Oak Hill called Plaintiff's cellular telephone from approximately November or December 2018 in an attempt to collect on the Alleged Debt.

14. Oak Hill called Plaintiff multiple times in an attempt to collect the Alleged Debt.

15. In approximately November or December 2018, Plaintiff instructed Oak Hill to stop calling her cellular telephone.

16. In approximately November or December 2018, Plaintiff provided Oak Hill with the contact information of her bankruptcy attorney.

3

17.    Upon information and belief, Oak Hill transferred and/or sold the Alleged Debt to Medicredit, who was acting on behalf of Oak Hill, in an attempt to collect on the Alleged Debt. Oak Hill is therefore jointly and severally liable for the illegal conduct of Medicredit acting on its behalf, as described above.

18.    Medicredit called Plaintiff's cellular telephone from approximately November 2018 until March 2019 in an attempt to collect on the Alleged Debt.

19.    Medicredit called Plaintiff approximately one time per day, one day each week.

20.    In approximately December 2018, Plaintiff instructed Medicredit to stop calling her cellular telephone. Plaintiff told Medicredit to stop calling at least on the following dates: January 3, 2019, February 7, 2019 and March 21, 2019.

21.    In approximately December 2018, Plaintiff told Medicredit that she was unable to pay the Alleged Debt and going to file bankruptcy. Plaintiff told Medicredit about her inability to pay and intent on filing bankruptcy on the following dates: January 3, 2019, February 7, 2019 and March 21, 2019.

22.    Nevertheless, Defendants continued to call Plaintiff on her cellular telephone until late March 2019, despite Plaintiff instructing Defendants to stop calling and indicating that she was unable to pay and intended to file bankruptcy.

23.    On or about August 6, 2019, Medicredit, who was at all relevant times acting on behalf of Oak Hill, provided Plaintiff's counsel with documents in response to Plaintiff's Discovery Requests. Based on Medicredit's account notes and logs, Plaintiff's counsel discovered that Medicredit utilized an automated telephone dialing system when contacting Plaintiff in an attempt to collect on the Alleged Debt.

24. As described below, Defendants' conduct constitutes violations of the FDCPA, FCCPA and TCPA.

## COUNT I

### VIOLATION OF THE FDCPA BY MEDICREDIT

25. This is an action against Medicredit for violation of 15 U.S.C. §1692 *et seq*.

26. Plaintiff re-alleges and reincorporates paragraphs 1 through 24, as if fully set forth herein.

27. The Alleged Debt is a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

28. Medicredit uses interstate commerce or the mails in its business, the principal purpose of which is the collection of debts, or Medicredit regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another, and is therefore a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).

29. Medicredit, communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by 15 U.S.C. § 1692a(2).

30. Through the conduct described above, Medicredit violated the following provisions of the FDCPA:

**15 U.S.C. § 1692d**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.
**15 U.S.C. § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

5

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

31.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

32.     As a result of Medicredit's violations of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

33.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Medicredit has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

**COUNT II**

**VIOLATION OF § 559.72(7) OF THE FCCPA BY MEDICREDIT**

34.     This is an action against Medicredit for violation of Fla. Stat. § 559.72(7).

35.     Plaintiff realleges and incorporates paragraphs 1 through 24, as if fully set forth herein.

6

36.    Medicredit communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

37.    Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7)    …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

38.    Through its conduct, described above, Medicredit directly and through its agents violated the above section of the FCCPA.

39.    All conditions precedent to this action have occurred, have been satisfied, or have been waived.

40.    Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Medicredit is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

41.    Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Medicredit, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Medicredit, finding that Medicredit violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

### VIOLATION OF § 559.72(9) OF THE FCCPA BY MEDICREDIT

42.   This is an action against Medicredit for violation of Fla. Stat. § 559.72(9).

43.   Plaintiff realleges and incorporates paragraphs 1 through 24, as if fully set forth herein.

44.   Medicredit communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

45.   Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

46.   Through its conduct, described above, Medicredit directly and through its agents violated the above section of the FCCPA.

47.   All conditions precedent to this action have occurred, have been satisfied, or have been waived.

48.   Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Medicredit is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

49.   Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Medicredit, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Medicredit, finding that Medicredit violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT IV

## VIOLATIONS OF THE TCPA, 47 U.S.C § 227 *ET SEQ,* BY MEDICREDIT

50. This is an action against Medicredit for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

51. Plaintiff realleges and reincorporates paragraphs 1 through 24, as if fully set forth herein.

52. Medicredit, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) directly or through its agent to communicate with Plaintiff.

53. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice –

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

54. Medicredit violated 47 U.S.C. § 227(b)(1)(A)(iii) by, directly or through its agent, placing calls to Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's express consent.

9

55.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

56.     Medicredit willfully, knowingly, and intentionally made multiple calls to Plaintiff's cellular telephone, directly or through its agent, utilizing an automatic telephone dialing system after Plaintiff told Medicredit or Medicredit's agent that Medicredit or Medicredit's agent did not have permission to call Plaintiff's cellular telephone.

57.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

58.     As a result of the above violation of the TCPA, Medicredit is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

59.     Based upon the willful, knowing, and intentional conduct of Medicredit as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Medicredit: (1) finding that Medicredit violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding that Medicredit willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT V

### VIOLATION OF § 559.72(7) OF THE FCCPA BY OAK HILL

60.     This is an action against Oak Hill for violation of Fla. Stat. § 559.72(7).

61.     Plaintiff realleges and incorporates paragraphs 1 through 24, as if fully set forth herein.

62.     Oak Hill communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

63.     Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7)     …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

64.     Through its conduct, described above, Oak Hill directly and through its agents violated the above section of the FCCPA.

65.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

66.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Oak Hill is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

67.     Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Oak Hill, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Oak Hill, finding that Oak Hill violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT VI

## VIOLATION OF § 559.72(9) OF THE FCCPA BY OAK HILL

68.     This is an action against Oak Hill for violation of Fla. Stat. § 559.72(9).

69.     Plaintiff realleges and incorporates paragraphs 1 through 24, as if fully set forth herein.

70.     Oak Hill communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

71.     Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9)     Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

72.     Through its conduct, described above, Oak Hill directly and through its agents violated the above section of the FCCPA.

73.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

74.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Oak Hill is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

75.     Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Oak Hill, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Oak Hill, finding that Oak Hill violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

**COUNT VII**

**VIOLATIONS OF THE TCPA, 47 U.S.C § 227 *ET SEQ,* BY OAK HILL**

76.     This is an action against Oak Hill for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

77.     Plaintiff realleges and reincorporates paragraphs 1 through 24, as if fully set forth herein.

78.     Oak Hill, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) directly or through its agent to communicate with Plaintiff.

79.     Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice –

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

13

80. Oak Hill violated 47 U.S.C. § 227(b)(1)(A)(iii) by, directly or through its agent, placing calls to Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's express consent.

81. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

82. Oak Hill willfully, knowingly, and intentionally made multiple calls to Plaintiff's cellular telephone, directly or through its agent, utilizing an automatic telephone dialing system after Plaintiff told Oak Hill or Oak Hill's agent that Oak Hill or Oak Hill's agent did not have permission to call Plaintiff's cellular telephone.

83. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

84. As a result of the above violation of the TCPA, Oak Hill is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

85. Based upon the willful, knowing, and intentional conduct of Oak Hill as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Oak Hill: (1) finding that Oak Hill violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding that Oak Hill willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. Amend.

7 and Fla. R. Civ. P. 1.430.

Dated: September 10, 2019                          Respectfully submitted,

                                                   **CENTRONE & SHRADER, PLLC**
                                                   612 W. Bay Street
                                                   Tampa, FL 33606
                                                   Phone: (813) 360-1529
                                                   Fax:  (813) 336-0832


                                                   /s/ Brian L. Shrader_____
                                                   **BRIAN L. SHRADER, ESQ.**
                                                   Florida Bar No.  57251
                                                   e-mail: bshrader@centroneshrader.com
                                                   *Attorney for Plaintiff*

15